UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY SCHWARTZ,

              Plaintiff,

   -against-

NEW YORK STATE INSURANCE FUND,

             Defendant.



MEMORANDUM DECISION
AND ORDER
12 Civ. 1413 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Jerry Schwartz ("Plaintiff") brings this action pursuant to 42 U.S.C. § 2000e *et seq.*, alleging that Defendant New York State Insurance Fund ("Defendant") retaliated against him in response to a discrimination complaint filed by his wife, who is also employed by Defendant. Defendant moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    This matter was referred to Magistrate Judge James C. Francis IV for his Report and Recommendation ("Report"). In his Report, Magistrate Judge Francis recommended that Defendant's motion to dismiss the complaint be granted without prejudice to Plaintiff filing an amended complaint on the grounds that Plaintiff fails to allege that he suffered an adverse employment action causally connected to protected activity undertaken by his wife.

    The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp. 2d 271, 273 (S.D.N.Y.

1

2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). In his Report, Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Neither party filed objections to the Magistrate Judge's Report. As there is no clear error on the face of the record, Magistrate Judge Francis's recommendation is adopted in its entirety.

A Rule 12(b)(6) motion to dismiss will be granted if a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Chase Group Alliance LLC v. City of New York Dep't of Finance, 620 F.3d 146, 150 (2d Cir. 2010) (internal quotations and citations omitted). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007). In order for a claim to be plausible on its face, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint in an employment discrimination case, such as this one, need not allege specific facts

that establish a *prima facie* case of discrimination. See Twombley, 550 U.S. at 547 (affirming the standard of Swierkjiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). However, the complaint "must nonetheless allege evidence stating a plausible claim of retaliation." Stewart v. City of New York, No. 11 Civ. 6935, 2012 WL 2849779 (S.D.N.Y. July 10, 2012) (alterations in original) (quoting Holland v. City of New York, No. 10 Civ. 2525, 2011 WL 6306727 (S.D.N.Y. Dec. 16, 2011)) (internal quotation marks omitted).

When deciding a motion to dismiss, the Court is generally limited to reviewing the allegations set forth in the complaint and the documents attached to it or incorporated in it by reference. See Chambers v. time Warner, Inc., 282 F.3d 147, 152-55 (2d Cir. 2002). However, the Court, in an effort to afford a *pro se* plaintiff the greatest latitude in stating a claim for relief, may also consider the facts asserted in plaintiff's response to defendants' motion to dismiss. Cf. Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." (internal quotations and citations omitted)).

Magistrate Judge Francis properly determined that Plaintiff's conclusory assertions of Defendant's failure to train lack any indication of material harm suffered sufficient to constitute an adverse employment action.

The Magistrate Judge was also correct in determining that Plaintiff's claims arising before February 4, 2008, the date that his wife filed a complaint of discrimination with the Equal Employment Opportunity Commission, should be dismissed. Plaintiff fails to make any factual allegations that, prior to that time, his wife was engaged in protected activity by opposing what she believed was discriminatory conduct by the Defendant.

Finally, Magistrate Judge Francis was correct in determining that Plaintiff fails to establish temporal proximity, or any other causal connection, between his reductions in job responsibilities and any protected activity by his wife.

The Magistrate Judge's determination that Plaintiff should be given an opportunity to replead is proper because it is not yet apparent that the plaintiff is unable to proffer facts sufficient to support his claims.

## CONCLUSION

The Magistrate Judge's Report is adopted in its entirety. Defendant's motion to dismiss the complaint is GRANTED without prejudice to Plaintiff moving to file a proposed amended complaint within 45 days of this order.

Dated: November 15, 2012
New York, New York

SO ORDERED

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge